IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AMANDA KAYE BACHMAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>JUDGE CAMERON M. BEECH,<br><br>　　　　　Defendant. | **MEMORANDUM DECISION<br>AND ORDER TO SHOW CAUSE**<br><br>Case No. 2:25-cv-00739-TC<br><br>Judge Tena Campbell |

Plaintiff Amanda Kaye Bachman, who represents herself and was (at the time the Complaint in this action was filed on August 29, 2025) a pre-sentencing detainee, brings this civil rights action under 42 U.S.C. § 1983.[1] The court screens the Complaint (ECF No. 1) under the court's statutory review function. See 28 U.S.C. § 1915A.[2]

---

[1] The federal statute creating a "civil action for deprivation of rights" reads:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any **State** or **Territory** … , subjects, or **causes** to be subjected, any citizen of the United **States** or other **person** within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

[2] The screening statute, 28 U.S.C. § 1915A, reads:

> (a) Screening.—The court shall review … a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

The Complaint names a single defendant: Cameron M. Beech, a Utah state district court judge. Ms. Bachman asserts that Judge Beech denied her bail in violation of her state and federal constitutional rights. (ECF No. 1 at 2–4.) To remedy the alleged violation of her rights, she requests that this court declare that her constitutional rights were violated, order Judge Beech "to cease violating [her] legal rights as they pertain to her criminal case[,]" and grant her "fair and reasonable bail." (Id. at 5.)

Having now screened and liberally construed the Complaint,[3] the court orders Plaintiff to show cause why this action should not be dismissed for failure to state a claim upon which relief may be granted and for mootness.

## STANDARD OF REVIEW

When assessing a complaint for failure to state a claim upon which relief may be granted, the court takes all well-pleaded factual assertions as true and regards them in a light most favorable to the plaintiff. Ridge at Red Hawk L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th

---

(b) Grounds for Dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   (2) seeks monetary relief from a defendant who is immune from such relief.

[3] The court recognizes that Ms. Bachman proceeds pro se and therefore construes these pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972). Still, such liberal reading is meant merely to overlook technical formatting errors and other similar defects in the Plaintiff's use of legal terminology and proper English. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Pro se status does not excuse the Plaintiff from the duty to meet various rules and procedures directing litigants and counsel or the mandates of substantive law. Regarding these mandates, the court will treat the Plaintiff with the same standards applicable to counsel licensed to practice law before this court's bar. See McNeil v. United States, 508 U.S. 106, 113 (1993); Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).

Cir. 2007).  Dismissal is appropriate when—though the facts are viewed in the plaintiff's favor—the plaintiff has not posed a "plausible" right to relief.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Robbins v. Oklahoma, 519 F.3d 1242, 1247–48 (10th Cir. 2008).  A claim is facially plausible when the plaintiff pleads enough factual content to justify the reasonable inference the defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  And while the court accepts well-pleaded factual allegations as true at this stage, the court considers "bare assertions" involving "nothing more than a 'formulaic recitation of the elements' of a constitutional … claim" as "conclusory and not entitled to" an assumption of truth.  Id. at 681 (quoting Twombly, 550 U.S. at 554–55).  "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief."  Robbins, 519 F.3d at 1247 (quoting Twombly, 550 U.S. at 556).

## FACTUAL BACKGROUND

The following allegations are drawn from the Complaint.  (ECF No. 1.)  At the time she filed this action, Ms. Bachman was incarcerated at the Utah County Jail.  Judge Beech was "assigned to [Ms. Bachman's] criminal case" and denied her bail—on January 15, 2025—while "keeping her in jail for over a year."  Ms. Bachman argues this decision was an impermissible "form of punishment that has gone to the level of cruel and unusual."

Meanwhile, the state court docket for Ms. Bachman's criminal case shows that, also on January 15, 2025, Ms. Bachman "entered Alford pleas to Obstruction of Justice (Second Degree Felony), Aggravated Kidnapping (Second Degree Felony), and Forgery (Third Degree Felony)."  State v. Bachman, No. 241800404, Dkt. No. 180 (Utah 8th Dist. Ct. Dec. 2, 2025).  On April 8, 2025, Ms. Bachman filed a motion to withdraw her plea.  Id.  On August 5, 2025, the

3

state court held an evidentiary hearing on the motion. Id. On December 2, 2025, the court denied the motion. Id. And, on December 18, 2025, Ms. Bachman was sentenced to serve two one-to-fifteen-year terms and one term not to exceed five years in the Utah State Prison. Id. at Dkt. No. 190.

## ANALYSIS

The relief that Ms. Bachman requests in this civil rights action appears unequivocally unavailable to her, as explained below.

### I.   Failure to State a Claim

Ms. Bachman's request—that this court issue a declaration that her rights have been violated and order the state court judge in her criminal case to cease from violating her legal rights and grant her bail—is inappropriate. "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of h[er] confinement." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (cleaned up). Because Ms. Bachman has now been sentenced, she must raise a challenge to the fact or duration of her confinement in a direct appeal of her convictions and, if relief is denied, in a post-conviction or habeas petition.

The United States Supreme Court has explained these requirements as follows:

> [A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain h[er] petition for habeas corpus. See, e.g., Nelson v. George, 399 U.S. 224, 229 (1970); Irvin v. Dowd, 359 U.S. 394, 404–05 (1959); Ex parte Hawk, 321 U.S. 114 (1944). The exhaustion-of-state-remedies doctrine, now codified in the federal habeas statute, 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, Fay v. Noia, 372 U.S. 391, 419–20 (1963); Bowen v. Johnston, 306 U.S. 19, 27 (1939), "an accommodation of our federal system designed to give the State the initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." Wilwording v. Swenson, 404 U.S. 249, 250 (1971). We have consistently adhered to this federal policy, for "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct

4

> a constitutional violation." Darr v. Burford, 339 U.S. 200, 204 (1950) (overruled in other respects, Fay v. Noia, 372 U.S. 391, 435–36 (1963)). It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied. See, e.g., Wilwording, 404 U.S. at 250; Roberts v. LaVallee, 389 U.S. 40, 42–43 (1967); Brown v. Allen, 344 U.S. 443, 447–50 (1953).
>
> We emphasize that the federal claim must be fairly presented to the state courts. If the exhaustion doctrine is to prevent "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution," Ex parte Royall, 117 U.S. 241, 251 (1886), it is not sufficient merely that the federal habeas applicant has been through the state courts. The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim [s]he urges upon the federal courts. See Darr, 339 U.S. at 203; Davis v. Burke, 179 U.S. 399, 401–03 (1900).

Picard v. Connor, 404 U.S. 270, 275–76 (1971).

## II.    Mootness

"[T]he constitutional mootness doctrine focuses upon whether a definite controversy exists throughout the litigation and whether conclusive relief may still be conferred by the court despite the lapse of time and any change of circumstances that may have occurred since the commencement of the action." Jordan v. Sosa, 654 F.3d 1012, 1024 (10th Cir. 2011) (cleaned up). When deciding if a claim is moot, "[t]he crucial question is whether granting a present determination of the issues offered will have some effect in the real world." Citizens for Responsible Gov't State Political Action Comm. v. Davidson, 236 F.3d 1174, 1182 (10th Cir. 2000) (cleaned up). If it becomes "impossible for the court to grant any effectual relief whatever to a prevailing party, the court must dismiss the case, rather than issue an advisory opinion." Fleming v. Gutierrez, 785 F.3d 442, 445 (10th Cir. 2015) (cleaned up).

The "conclusive relief" requested by Ms. Bachman on August 29, 2025, was a declaration that her constitutional rights were violated, an order that the Defendant "cease violating [her] legal rights as they pertain to her criminal case[,]" and an order granting her "fair and reasonable bail." (ECF No. 1.) But now that the state court has sentenced Ms. Bachman, Judge Beech is no longer in a position to provide the relief requested, even if this court ordered such relief. Ms. Bachman's "request for pretrial release [wa]s moot once [she was] convicted." Gess v. USMS, No. 20-CV-1790, 2021 WL 423436, at *4 (D. Colo. Feb. 5, 2021); see also Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam) (holding that defendant's "claim to pretrial bail became moot following his convictions in state court"); Mallish v. Raemisch, 662 F. App'x 584, 587 (10th Cir. 2016) ("Claims regarding pretrial detention are generally mooted by a subsequent conviction."); cf. United States v. Vasquez, 406 F. App'x 293, 294–95 (10th Cir. 2010) (finding appeal of pretrial detention mooted by guilty plea).

Because Ms. Bachman entered a plea and has now been sentenced, her state criminal case has a final judgment. As a result, it would be impossible for this court to order the state court judge to release Ms. Bachman on bail or correct any unconstitutional actions in the state criminal case.

**ORDER**

For the reasons stated above, the court ORDERS as follows:

1. Within thirty days from the date of this order, Ms. Bachman must SHOW CAUSE why this action should not be dismissed for failure to state a claim and for mootness.

2. Ms. Bachman's "Petition for a Writ of Mandamus" (ECF No. 2) is DENIED. The petition is repetitive of the arguments and requests for relief found in the Complaint.

DATED this 5th day of January, 2026.

BY THE COURT:

_____
Tena Campbell
United States District Judge